UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

TERRY LEE GREGORY                                                  PETITIONER

v.                                        CIVIL ACTION NO. 4:19-CV-P126-JHM

ELLIS et al.                                                     RESPONDENTS

**MEMORANDUM OPINION**

*Pro se* Petitioner Terry Lee Gregory filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while state-court charges were pending against him. Since filing his petition, Petitioner has been convicted in state trial court. The Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies within 30 days. More than 30 days have passed without a response by Petitioner.

Because Petitioner has now been convicted, the Court must consider his § 2241 petition to be one under 28 U.S.C. § 2254. *Saulsberry v. Lee*, 937 F.3d 644, 646-48 (6th Cir. 2019), *cert. denied*, No. 19-419, 2019 WL 5301304 (U.S. Oct. 21, 2019) ("[Section] 2254 governs a pending § 2241 petition in the event of a conviction."); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018) ("Courts and commentators have recognized that, if the petition is filed by a pre-trial detainee under § 2241 who is subsequently convicted, the federal court may convert the § 2241 petition to a § 2254 petition." (internal quotation marks and citation omitted)).

It is axiomatic that one may not seek federal habeas corpus relief pursuant to § 2254 until he has exhausted all available state remedies or demonstrated their inadequacies. § 2254(b)[1];

---

[1] Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

*Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on Petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has failed to demonstrate that he has exhausted his state-court remedies or that attempting to do so would be futile. Therefore, by separate Order, the Court will dismiss the action without prejudice for the reasons set forth herein.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

---

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: March 2, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
      1024 Capital Center Drive, Frankfort, KY 40601
4414.009